

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLOS FRANCISCO MENDOZA-PEREZ, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 18-72444 <br><br> Agency No. A206-428-616 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 7, 2020
Seattle, Washington

Before: GRABER and W. FLETCHER, Circuit Judges, and FREUDENTHAL,**
District Judge.

Petitioner Carlos Mendoza-Perez, a native and citizen of El Salvador, seeks

review of the Board of Immigration Appeals' ("BIA") final order affirming the

---

*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**    The Honorable Nancy D. Freudenthal, United States District Judge for
the District of Wyoming, sitting by designation.

immigration judge's ("IJ") denial of his request for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

1. Substantial evidence supports the BIA's conclusion that Petitioner is not eligible for asylum or withholding or removal because he failed to establish a nexus between the harm he experienced and a protected ground. See Zetino v. Holder, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). We are not compelled to find that the harm Petitioner suffered bore a nexus to his family membership. The agency permissibly found that MS-13 targeted Petitioner for extortion because the gang believed the family had money. See Leon-Hernandez v. INS, 926 F.2d 902, 904 (9th Cir. 1991) ("[T]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." (internal quotation marks omitted)). Indeed, Petitioner's own testimony and the testimony of his mother support this conclusion.

Additionally, the record lacks evidence that Petitioner "was politically or ideologically opposed to the ideals" of MS-13—or gangs generally—or that he was attacked because of those beliefs. Barrios v. Holder, 581 F.3d 849, 856 (9th Cir.

2

2009) (internal quotation marks omitted), <u>abrogated in part on other grounds by</u> <u>Henriquez-Rivas v. Holder</u>, 707 F.3d 1081 (9th Cir. 2013) (en banc).

2. The record compels a finding contrary to the BIA's statement that Petitioner offered only "general," rather than individualized, evidence concerning the possibility of torture. The IJ credited Petitioner's testimony, and the particularized evidence compels a finding that he likely would be killed if returned to El Salvador. <u>Shrestha v. Holder</u>, 590 F.3d 1034, 1048 (9th Cir. 2010) (standard of review); <u>cf</u>. <u>Dhital v. Mukasey</u>, 532 F.3d 1044, 1051–52 (9th Cir. 2008) (per curiam). For example, Petitioner demonstrated that MS-13 carried out prior death threats, killing Petitioner's father and uncle. The gang threatened Petitioner personally, found him after he moved, and forcibly tattooed him with his family name so other members could identify him as a target.

Remand is required, though, for the BIA to consider whether the government would acquiesce in any such potential torture. Thus, we grant and remand the petition as to Petitioner's claim for CAT relief.

**PETITION DENIED IN PART, GRANTED AND REMANDED IN PART**. The parties shall bear their own costs.